### JOSEPH A. CRANE *vs.* BRIDGET KELLEY.

A married woman is not liable for lumber purchased by and delivered to her prior to the enactment of *St.* 1857, *c.* 249, to be used in making alterations and repairs in a building upon land held by her under a deed which contained no provision that she should hold the land to her sole and separate use, or free from the interference or control of her husband.

CONTRACT against a married woman, to recover for lumber sold and delivered to her.

At the trial in the superior court, before *Ames,* J., the only question was, whether the defendant could be held liable under the following facts: She was married to her husband about sixteen years ago, and has lived with him ever since; and on the 24th of March 1857 the inhabitants of Fall River conveyed to her a lot of land in Fall River, " to have and to hold the above granted premises, with all the privileges, &c., to the said Bridget Kelley, her heirs and assigns, to her and their use and behoof forever." There was no provision in the deed that she should hold the land to her sole and separate use, or free from the interference or control of her husband. The lumber was all delivered between the 2d of April and the 5th of June 1857, and was used in making alterations and repairs upon a building upon the lot described in the deed. The defendant testified that she bought the land herself, and paid for it from her own earnings. The judge instructed the jury that she had a legal capacity to contract with the plaintiff in reference to the building in question and repairs upon the same, in the same manner as if

she were sole. The jury returned a verdict for the plaintiff, and the defendant alleged exceptions.

· *E. L. Barney*, for the defendant.

*J. C. Blaisdell*, for the plaintiff.

MERRICK, J. When the lumber was delivered, the defendant had no legal capacity to make the contract declared on. She was then a married woman, and *St.* 1857, *c.* 249, had not taken effect. By *St.* 1855, *c.* 304, § 7, any married woman was empowered to carry on any trade or business, to perform any labor and service, and to use and invest her earnings on her own sole and separate account; and she was entitled to sue and liable to be sued in regard to her contracts and engagements made in the course of such pursuits. But the appropriation by the defendant of the lumber which was delivered on the premises in the alteration and repair of the buildings on her land was not an act done in the conduct of her trade and business, or in the use and investment of her earnings, within the meaning of those provisions of the statute. She was not competent, therefore, to bind herself by an express promise to pay for its value, nor could a valid promise be deduced from its use. The present case is not in substance distinguishable from that of *Smith* v. *Bird*, 3 Allen,

*Exceptions sustained.*